UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARLYLE LEE COLE,<br><br>        Petitioner,<br><br>    v.<br><br>FELIPE MARTINEZ, JR.,<br><br>        Respondent. | Case No. 2:19-cv-06517-AB (JDE)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL OR TRANSFER OF ACTION |

On July 26, 2019, Petitioner Carlyle Lee Cole ("Petitioner"), a federal prisoner at FCI-Lompoc who was convicted in the United States District Court for the Eastern District of California ("EDCA"), presented for filing a "Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241" (Dkt. 1, "Submission") purporting to assert twelve grounds for relief relating to his underlying conviction and sentencing in the EDCA. Submission at 3-4 (CM/ECF pagination). As it appears this Court lacks jurisdiction to entertain the Submission, the Court orders Petitioner to show cause in writing why the action should not be dismissed or transferred.

# I.
# PROCEDURAL HISTORY

Petitioner asserts he was convicted, following a guilty plea, and sentenced by the EDCA for wire fraud, mortgage fraud, bank fraud, and conspiracy. Submission at 2. The following background is taken from United States v. Carlyle Lee Cole, 2015 WL 5021414 at *1-2 (E.D. Cal. Aug. 20, 2015) (internal references to "Doc." refer to case docket entries for the EDCA's CM/ECF system):

> On January 13, 2011, Petitioner, along with nine co-defendants, was indicted on charges of conspiracy to commit mail fraud, wire fraud, and bank fraud in violation of 18 U.S.C. § 1349, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, bank fraud in violation of 18 U.S.C. § 1344, and conspiracy to launder money in violation of 18 U.S.C. § 1956(h). Indictment as to Caryle Lee Cole, Doc. 1. In total, the indictment amounted to 56 violations. Id. On November 1, 2013, Petitioner signed a plea agreement with the Government, wherein he agreed to plead guilty to Count One of the Indictment. Mem. of Plea Agreement ("Plea Agreement"), Doc. 232 at 12. Petitioner waived his right to trial as well as to appeal and other post-conviction remedies. Id. at 4, 16. Charges on the fifty-five other related counts were dismissed in consideration of this agreement. Id. The government agreed to recommend that the Petitioner's base offense level was seven, plus 32 levels associated with the size and sophistication of the criminal activities, but made "no other representations to him regarding sentencing." Id. 11–12. The agreement describes that the maximum potential sentence Petitioner might receive is thirty years. Id. at 15.

In a Change of Plea Hearing on November 7, 2013, the Court asked Petitioner how he wished to plead to the following crimes:

> To execute a scheme and artifice to defraud mortgage lending companies and federally insured lending/financial institutions, collectively referred to as "Lenders," of money and property from such Lenders by means of materially false and fraudulent pretenses, representations and promises; and to cause the United States mail and commercial carriers to be used in execution of the scheme to defraud, in violation of Title 18 of the United States Code section 1341; and to cause signs and signals to be transmitted by means of wire and radio communications in interstate commerce in furtherance of the scheme to defraud, in violation of Title 18 United States Code section 1343; and to defraud financial institutions and to obtain monies, funds, assets, and other properties under the custody and control of a financial institution by means of material false and fraudulent pretenses, representations, and promises in violation of Title 18 United States Code section 1344, all in violation of Title 18 of the United States Code section 1349.

Transcript of Change of Plea Hearing ("Plea Change Hearing"), Doc. 269, 15. To this question, Petitioner responded, "Guilty, your Honor." Id.

Prior to sentencing, Petitioner submitted a letter to the Court in which he stated: "I affirm that I take responsibility for illegal actions taken by me, my companies, and my employees. I accepted responsibility when I plead [sic] guilty and last appeared before your court. These fraudulent activities are without excuse."

Def. Carlyle Lee Cole Statement for Sentencing ("Sentencing Statement"), Doc. 339–1.

At sentencing on February 24, 2014, the Court found the applicable offense level to be 36, with a Criminal History Category of "I" and a sentencing range of 188 to 235 months. Transcript of Sentencing Hearing ("Sentencing Hearing"), Doc. 464 at 14. The Court sentenced Petitioner to 211 months. Id. at 27.

On February 23, 2015, Petitioner filed a motion to "vacate, set aside and/or correct sentence, judgment conviction, plea & plea agreement pursuant to 28 U.S.C. § 2255" in the EDCA ("First § 2255 Motion"). Cole, 2015 WL 5021414 at *2. On August 20, 2015, the EDCA denied the First 2255 Motion. Id. at *11. On June 21, 2016, the United State Court of Appeals for the Ninth Circuit ("Ninth Circuit") declined to issue a certificate of appealablity to permit Petitioner to challenge the denial of the First § 2255 Motion in that Court. United States v. Cole, Case No. 15-16986 (9th Cir.), Dkt. 5. On January 23, 2017, the United States Supreme Court denied a petition for writ of certiorari. Cole v. United States, 137 S. Ct. 828 (2017) (mem.).

## II.
## STANDARD OF REVIEW

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

# III.
# DISCUSSION

## A. The Submission Appears to be a Disguised § 2255 Motion

Challenges to the legality of a federal conviction or sentence generally must be made under 28 U.S.C. § 2255 ("Section 2255" or "§ 2255") in the sentencing court, while challenges to the manner, location, or conditions of a sentence's execution must be filed under 28 U.S.C. § 2241 in the custodial court. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).

There is a limited exception to this general rule. "[A] federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez, 204 F.3d at 864-65 (quoting § 2255); see also 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). This exception is referred to as the "savings clause" or the "escape hatch." See Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).

The exception under Section 2255(e) is narrow and will not apply "merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition[.]" See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended); Lorentsen, 223 F.3d at 953; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). Rather, "a § 2241

petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Here, Petitioner does not challenge the manner, location, or conditions of the execution of his sentence. Rather, his twelve alleged claims for relief all relate to matters allegedly affecting his rights in the trial court. See Submission at 3-4. Thus, he challenges the legality of his conviction and sentence and, as such, his Submission must be construed as a Section 2255 motion unless the savings clause applies. See Hernandez, 204 F.3d at 864-65. On the face of the Submission, Petitioner has failed to meet that criteria because he has not made a cognizable claim of "actual innocence" and has not demonstrated that he lacked an "unobstructed procedural shot" at presenting his claims.

With respect to the first requirement, a claim of actual innocence in this context requires a showing that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted." See Stephens, 464 F.3d at 898 (citation omitted). Actual innocence requires a showing of factual innocence, not mere legal insufficiency. See Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012); see also Ivy, 328 F.3d at 1060. The petitioner bears the burden of proving actual innocence by a preponderance of the evidence. See Lorentsen, 223 F.3d at 954.

Here, although Ground Twelve of the Submission contains a single conclusory reference to "actual innocence," the rest of that ground and the prior eleven purported grounds for relief relate to alleged sentencing errors (see, e.g. Grounds One to Eight) or alleged instances of pre-sentencing errors by the trial court or ineffective assistance of counsel (Grounds Nine to Eleven).

Claims of misapplication of sentencing error do not constitute claims of actual innocence warranting a possible application of the "escape hatch." For

6

example, in Marrero, the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Marrero, 682 F.3d at 1195. Although the Ninth Circuit found that "'a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement[,]' it left open 'the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch.'" Dorise v. Matevousian, 692 F. App'x 864, 865 (9th Cir. 2017) (quoting Marrero, 682 F.3d at 1193). The court noted that other circuits have recognized three categories of exceptions to "the general rule that a petitioner cannot be actually innocent of a noncapital sentence under the escape hatch": (1) where the petitioner was factually innocent of the crime that served as the predicate conviction for the enhancement; (2) if the petitioner received a sentence for which he was statutorily ineligible; and (3) where the sentence resulted from a constitutional violation. Marrero, 682 F.3d at 1194-95. Here, Petitioner is not challenging (1) a prior conviction that serves as a predicate for an enhancement, (2) the imposition of a sentence to which he was statutorily ineligible, or (3) an unconstitutional sentence; as a result, his sentencing error claims do not fall within the possible exceptions left open by Marrero.

With respect to other claimed errors by the trial court or ineffective assistance of counsel, the EDCA has already rejected claims by Petitioner that his plea was involuntary or that his counsel was ineffective. Cole, 2015 WL 5021414 at *10. Petitioner's single conclusory reference to "actual innocence" despite his sworn guilty pleas and written sentencing statement reiterating his guilt, without any showing or even argument of factual innocence, does not constitute a cognizable claim of factual innocence, that is, a showing that it is more likely than not that no reasonable juror would have convicted him.

Stephens, 464 F.3d at 898. Thus, Petitioner does not appear to be able to meet the first requirement for the escape hatch.

Further, it does not appear that Petition can meet the second requirement of the escape hatch—a lack of "an unobstructed procedural shot" to pursue his claims. In determining whether a petitioner had an unobstructed procedural shot, a reviewing court considers whether: (1) the legal basis for the claim did not arise until after the petitioner had exhausted his direct appeal and pursued a first § 2255 motion; and (2) the law changed "in any way relevant" to the claim after the first § 2255 motion. Harrison, 519 F.3d at 960.

Here, it does not appear Petitioner can show either that the "legal basis" for his claim arose after his First Section 2255 Motion or that the law changed "in any way relevant" to his claims after the prior motion. Petitioner does not allege any change in the applicable law. To the extent Petitioner asserts "newly discovered evidence" warrants consideration of his claims for relief, Section 2255(h) provides a mechanism, in the appropriate case, for petitioners to seek leave from the circuit to file a "second or successive" Section 2255 motions on such grounds.

As Petitioner fails to make a cognizable claim of actual innocence or that he lacked an unobstructed procedural shot to raise his claims, the savings clause appears inapplicable and the Submission should be construed as a Section 2255 motion. See Hernandez, 204 F.3d at 865. Because a Section 2255 motion must be filed in the sentencing court, this Court lacks jurisdiction over the action. See 28 U.S.C. § 2255(a) (providing that a motion under this section must be brought in "the court which imposed the sentence"); see also Hernandez, 204 F.3d at 865 (holding that Section 2255 motions must be heard in the sentencing court).

## B. The Action Should Be Transferred Rather Than Dismissed

If the Submission is construed as a Section 2255 Motion, the only remaining question is whether this action should be dismissed or transferred to any other court in which the action could have been brought. See 28 U.S.C. § 1631. Transfer is appropriate under Section 1631 if: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) ("The federal transfer statute is applicable in habeas proceedings.").

Here, the Court, in the interests of justice, it appears a transfer to the Ninth Circuit is warranted. As noted, Petitioner previously filed a Section 2255 Motion in the EDCA. See Cole, 2015 WL 5021414; see also 28 U.S.C. § 2255(h); United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011) ("[a] petitioner is generally limited to one motion under § 2255"). Under 28 U.S.C. § 2255(h), a second or successive motion by Petitioner would have to be certified by the Ninth Circuit to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." It is not apparent that Petitioner can meet either requirement; however, he as claims he has newly discovered evidence, the Ninth Circuit is the appropriate forum to consider the issue as it relates to a potential "second or successive" motion under Section 2255(h). As such, it appears the action should be transferred to the Ninth Circuit rather than dismissed. However, the Court will hear from Petitioner on the issue.

## IV.
## CONCLUSION AND ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed or transferred to the United States Court of Appeals for the Ninth Circuit. By **no later than twenty-one (21) days from the date of this Order,** Petitioner shall file a written response to this Order addressing, as warranted, the following:

1. If Petitioner contends his action is not a Section 2255 challenge to the legality of his conviction and sentence that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of the sentence's execution, he should clearly explain and support this in his Response. Petitioner should attach copies of any documents that support his position.

2. If Petitioner contends his action challenges the legality of his conviction and sentence and is properly before this Court as the custodial court under the Section 2255 escape hatch, he should clearly explain and support this in his Response. Petitioner should attach copies of any documents that support his position and set forth a position on whether a dismissal or a transfer to the Ninth Circuit is warranted in the event the Court determines the escape hatch does not apply.

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and comply with a court order, or a transfer of this action to the Ninth Circuit.**

Dated: July 31, 2019

JOHN D. EARLY
United States Magistrate Judge